## J. J. MEANY CASKET COMPANY v. J. F. McCARTHY.[1]

January 29, 1937.

No. 31,066.

*William C. Blethen,* for appellant.
*James H. Caswell,* for respondent.

LORING, JUSTICE.

Action to recover the balance due for caskets delivered to defendant by plaintiff. The balance due is admitted, but defendant claims the balance was satisfied by a return of the caskets to plaintiff. The case was tried to a jury. Pursuant to a verdict in favor of the defendant, judgment was entered, and plaintiff appeals from that judgment.

The questions which the plaintiff seeks to raise are: (1) Was the transaction here involved a sale or a sale upon consignment, and (2) if a consignment, did the defendant retain the caskets in his possession for an unreasonable time?

[1]Reported in 271 N. W. 99.

The facts as viewed most favorably to defendant are: For several years prior to 1929 defendant had purchased caskets from the plaintiff company to be resold at retail. In 1929 Gunther, the salesman for plaintiff, tried to induce defendant to buy five expensive metal caskets. Defendant maintains that at the time he did not want to take on a more expensive line but that Gunther told him that the caskets would be sent him on consignment, that the more expensive caskets would "spiff up" the defendant's showroom and that if defendant sold one he could replace it; if not, they could be returned to plaintiff. According to defendant's testimony, the word "consignment" was used throughout his conversation with Gunther. When the caskets were sent, Gunther again told McCarthy, "We will try them and if they don't move, we can send them back." Some of the caskets here in question are not those originally sent but apparently are replacements of the original five. A search of the record fails to disclose upon what dates these replacements were made. Late in July or early in August, 1932, defendant requested that plaintiff take back the unsold caskets. Defendant was told by Mr. Meany of the plaintiff company, "Frank, you just keep them on and if you can sell one just send in the money for it." No more caskets were sold, and October 1, 1932, the five caskets were returned to plaintiff and acceptance refused.

■ The evidence in support of defendant's contention that there was an agreement that the unsold caskets might be returned to plaintiff is flatly contradicted by that of plaintiff. Determination of that question was purely a fact question. We cannot disturb it.

■ Under 2 Mason Minn. St. 1927, § 8394, a return of goods under a contract such as the jury found here existed must be made within a reasonable time. What is a reasonable time that section makes a fact question. The jury here found that the return was made within a reasonable time. The time that elapsed between defendant's conversation with Meany, in late July or early August, and the return of the goods was not much over two months. The evidence as to when a casket becomes outmoded is unsatisfactory. Meany himself testified that a casket on display for six months to a year might have to be revamped—new interior and replated

handles. A casket that had been on display for two years might or might not have to be refinished. Under the circumstances we see nothing unreasonable in the jury's finding that a return had been made within a reasonable time.

Affirmed.

MR. JUSTICE PETERSON, not having been a member of the court when this case was argued and submitted, took no part in its consideration or decision.